UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 1:17-cr-10104-1

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) |
|  | ) |
| LUIS JOSE MEJIA ARIAS, | ) |
| a/k/a JOSE C. TORRES | ) |
| Defendant. | ) |
|  | ) |

## SENTENCING MEMORANDUM OF LUIS JOSE MEJIA ARIAS a/k/a JOSE C. TORRES

NOW COMES the defendant and offers the following Sentencing Memorandum for the Court's consideration. The defendant, through counsel, states that there is an agreed upon binding Plea Agreement executed on August 4, 2017 between the United States and the defendant. The terms of the Plea Agreement state, *inter alia*:

1. The defendant shall waive indictment and plead guilty to the Superseding Information charging him with eight counts of Distribution and Possession with Intent to Distribute Heroin, Cocaine and Fentanyl, in violation of U.S.C. §841(a)(1)

2. The defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Eight of the Superseding Information, did so knowingly and intentionally, and is in fact guilty of these offenses.

3. The United States Attorney has recommended incarceration for the full minimum term of the Guidelines sentencing range as calculated by the parties in paragraph 3 of the Plea Agreement.

1

4.  The parties have agreed that the defendant's total offense level under USSG (prior to any adjustment for acceptance of responsibility) is 16.

5.  The United States Attorney has agreed to recommend that the Court reduce by three levels the defendant's adjusted offense level under USSG §3E1.1.

6.  This would calibrate the adjusted base offense level to 13.

The defendant requests the Court to further reduce the base level by three levels pursuant to USSG §3B1.2 which would result in an adjusted offense level of 10. This is due to the fact that the defendant clearly played a minimal role and was a minor participate in the drug trafficking organization. The defendant's role in the organization was limited to the function of a "runner." The defendant was not the organizer, leader, manager or supervisor of the criminal activity and was not responsible for profit and loss. The defendant was substantially less culpable than the average participant in the criminal activity. Accordingly, the defendant should be entitled to this adjustment to the offense level.

The Plea Agreement's sentencing stipulation that includes the United States Attorney's recommendation and the defendant's recommendation is pursuant to the advisory guidelines or a variance from the advisory guidelines as per the U.S.C. §3553(a) factors.

Certain offender characteristics exist which ought to be considered by the Court in its determination of whether a sentence should be outside the applicable sentencing guidelines range. Mitigating circumstances exist which also should be considered by the Court in its determination of whether a sentence should be outside the applicable sentencing guidelines range. See, United States Sentencing Guidelines §§5H1.1 and 5H1.6 (hereinafter referred to as "Guidelines"). See also, 18 U.S.C. §3553 and other relevant law cited herein.

LEGAL ANALYSIS

## I.  POST-BOOKER SENTENCING

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court acknowledged the importance of the Sixth Amendment guarantee to sentence defendants solely upon the jury's factual findings or a defendant's sworn factual admissions at a guilty plea. Id. at 244. The Sentencing Guidelines system, however, was retained as an advisory as opposed to a mandatory system. Id. at 258-265. The sentencing judge may look at all sentencing facts, not just those made relevant by the Guidelines when determining whether a departure or a variance is warranted. For example, under 18 U.S.C. § 3553(b), a judge may evaluate whether a departure from the Guidelines was warranted taking into account "aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." To make this decision, the Court must have had to take an independent look at the facts and circumstances of the particular case outside the parameters of the Guidelines. The judge would employ "a perspective independent of the Guidelines."  See United States v. Ribot, 97 F. Supp. 2d 74, 75 n.2. (D. Mass. 1999).

## II.  STATUTORY SENTENCE FACTORS WEIGH IN FAVOR OF A DOWNWARD DEPARTURE

Sentencing courts are directed by 19 U.S.C. § 3553(a) to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth therein. In the post-Booker era of federal sentencing, this court must now consider the factors it could not have considered in the past.  See, United States v. Booker, 542 U.S. 220 (2005).

Post Booker now requires the Courts to consider not only the guidelines but each of the enumerated factors listed in Section 3553(a), many of which the guidelines either reject or ignore. "The directives of Booker and Section 3553(a) make clear that Courts may no longer

uncritically apply the guidelines." Booker is not an invitation to do business as usual." <u>United States</u> v. <u>Ranum</u>, 353 F.Supp.2d 984 (E.D.Wis. 2005).

Departures have always been part and parcel of the Guidelines. <u>See</u>, <u>United States</u> v. <u>Lacarubba</u>, 184 F.Supp. 2d 89, 93 (D. Mass. 2002). The sentencing judge may look at all sentencing facts, not just those made relevant by the Guidelines when determining whether a departure or a variance is warranted. For example, under 18 <u>U.S.C</u>. Section 3553(b), a judge may evaluate whether a departure from the Guidelines was warranted taking into account "aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." To make this decision, the court had to take an independent look at the facts and circumstances of the particular case outside the parameters of the Guidelines. The judge would employ "a perspective independent of the Guidelines." <u>See</u> <u>United States</u> v. <u>Ribot</u>, 97 F.Supp. 2d 74, 75 n.2. (D.Mass. 1999).

The Guidelines "place essentially no limit on the number of potential factors that may warrant a departure." <u>Koon</u> v. <u>United States</u>, 518 U.S. 81 (1996). <u>See also</u>, <u>United States</u> v. <u>Coleman</u>, 188 F.3d 354, 358 (6th Cir. 1999) (en banc). A departure is warranted if the case is "unusual enough to fall outside the heartland of cases in the guidelines." <u>Koon</u>, 518 U.S. at 92. "District courts are particularly suited in determining whether a factor makes a case unusual, because they are informed by [their] vantage point and day-to-day experience in criminal sentencing." <u>United States</u> v. <u>Aguirre</u>, 214 F.3d 122, 1127 (9th Cir. 2000) quoting <u>Koon</u>, <u>supra</u> at 98.

Pursuant to 18 <u>U.S.C</u>. § 3553(a)(1) through (7), the following factors are to be considered in imposing a sentence; the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to satisfy the statutory

purposes of sentencing; the kinds of sentences available; the applicable guidelines; pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution.

If the Court finds that the defendant meets the criteria set forth in 18 U.S.C. Section 3553(f) (1 through 5) it is authorized to impose a sentence below which is otherwise required by the guidelines. The defendant submits that he meets the criteria and prays that the Court accept the agreed upon Plea Agreement that includes an offense level of 10. With a criminal history of I, the sentence guideline would establish a 6-12-month sentence. The defendant has been held in custody since March 30, 2017 which is 6 months and 13 days. The defendant therefore has served the full minimum term of the Guideline sentencing range of 6 months (see sentencing table). The defendant is therefore respectfully requesting that the Court impose a sentence of incarceration of time served.

What is undisputed in this case is the defendant accepted responsibility for his conduct. It does not matter at what stage of the proceedings the defendant accepted responsibility. The defendant did not use violence or credible threats of violence. No person was injured, no firearms were used and there were no identifiable victims.

The defendant was born on April 19, 1992 in Baui, Dominican Republic. He was raised by both his parents. The defendant's family experienced financial hardship during his youth. The defendant entered the United States in 2014. He married Milagros Lopez in Haverhill, Massachusetts on November 28, 2016. He has one biological daughter who is a year old and another four-year-old daughter from a previous relationship of Ms. Lopez. The defendant considers the four-year-old daughter as his own and she considers him her father. The defendant

is in ICE custody. This has caused the family to experience severe financial hardship and emotional stress. Ms. Lopez is gainfully employed and a natural US citizen. Her employment status does not allow her to meet the financial needs of the family.

Character letters produced by the defendant, attached as Exhibit 1, attest to his good moral character, his honesty and to his being an incredible dad to his two children. These character letters acutely, profoundly and heartily describe his loyalty, empathy, abundance of positive qualities and his sincere interaction with his support system.

The defendant has expressed remorse for his criminal conduct. This was motivated in part, understandably, by the effect it had on him personally, his family and his friends. His motivation was also accompanied by a comprehensive understanding of the chilling effect his conduct has had on his future career opportunities as related to his ability to provide guidance as well as financial support for his family.

The defendant's criminal behavior although not excused can no doubt be linked to his prolonged and difficult financial struggles that have followed him from his childhood. The defendant realizes that he has made poor decisions and has accepted the consequences of his actions.  Prior to this incident the defendant had no criminal history.

The defendant has been in full compliance with his pre-sentence incarceration and has not been subject to any disciplinary action. The defendant has been respectful and cooperative with all governmental authorities.

The defendant has accepted responsibility for his actions in the instant offenses. He has admitted to the essential elements of the charged Superseding Information. The United States has benefited from the defendant's acceptance and plea in that it is not required to expend valuable time and resources in the federal prosecution of this case.

If this Honorable Court deems that a period of incarceration is warranted in this case, the defendant respectfully requests that this Court sentence him to the minimum term of the Guideline sentence range which would be 6 months, which in essence, is time served.

CONCLUSION

For the foregoing reasons, the defendant respectfully requests this Honorable Court approve the Plea Agreement executed by the parties on August 4, 2017.

Dated:  October 17, 2017

RESPECTFULLY SUBMITTED
FOR THE DEFENDANT
BY HIS ATTORNEY

/s/Scott F. Gleason
Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA  01830
(978) 521-4044
B.B.O. Reg. No. 195000

CERTIFICATE OF SERVICE

I, Scott F. Gleason, Esquire do hereby certify that on October 17, 2017, I electronically transmitted the attached document to Susan G. Winker, Assistant United States Attorney and Carolyn Patten, United States Probation Officer.

/s/Scott F. Gleason
Scott F. Gleason, Esquire